MELVIN, Judge.
Appellant-plaintiff Kurlak filed his appeal from an adverse final summary judgment finding no liability on the part of appellee-defendant United Services Automobile Association, under its policy of insurance issued to Kurlak.
The facts are not in dispute. Kurlak drove his automobile to the Hobby Shop at the Pensacola Naval Air Station where there is provided a place for parties to repair their automobiles. It was Kurlak’s purpose to replace shock absorbers on his car. When he had replaced the shock absorbers according to the directions, he then needed to grease certain parts that had been replaced. In a working area close to Kurlak, an individual by the name of Cer-vene was greasing his automobile. Kurlak requested Cervene to let him borrow the grease gun that Cervene was using. Cer-vene then remarked to Kurlak to hold up the piece of paper that Kurlak had in his hand and that Cervene would expel some grease from the gun onto the paper for his use. Kurlak held out the paper in his hand, Cervene expelled the grease from the grease gun, but the grease didn’t stop when it contacted the paper as the parties evidently contemplated that it would. The grease penetrated the paper and penetrated the skin on Kurlak’s hand thereby resulting in injuries to him for which he incurred medical expenses exceeding $7,000.
Cervene’s automobile was not covered by any insurance at the time of the accident. Kurlak’s policy, which included coverage for injuries arising from the negligent acts of uninsured motorists, was in full force and *464 effect. The pertinent clause in Kurlak’s uninsured motorist coverage provides:
“To pay all sums which the insured * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. . . . ”
(Emphasis added)
The question presented here is simply whether or not the injury to Kurlak was one that arose out of the maintenance of the uninsured automobile owned by Cer-vene.
We hold that it did not. At the time of the act of Cervene in causing grease to be expelled from the grease gun onto the paper in Kurlak’s hand, Cervene had ceased the maintenance on his car and was engaged in an act of attempting to help Kur-lak with the greasing of Kurlak’s car. Nothing about the maintenance or operation of the Cervene vehicle caused the accident or injury to Kurlak’s hand. See Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), Opinion filed August 22, 1978, not yet reported.
The final summary judgment appealed from is AFFIRMED.
SMITH, Acting C. J., and BOOTH, J., concur.